United States District Court
Southern District of Texas

**ENTERED**

January 27, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINALD WHITFIELD BELLARD, | § | |
| a/k/a REGINALD DeWAYNE | § | |
| WHITFIELD a/k/a REGINALD | § | |
| DeWAYNE BELLARD, | § | |
| (Inmate # 01839127), | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-24-1076 |
| | § | |
| THE HONORABLE FRANK | § | |
| AGUILAR,[1] *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Reginald Whitfield Bellard a/k/a Reginald DeWayne Whitfield a/k/a

Reginald DeWayne Bellard, (Inmate # 1839127), proceeding *pro se* and *in forma*

*pauperis*, filed a prisoner civil rights complaint under 42 U.S.C. § 1983 alleging

violations of his constitutional rights by Harris County District Judge Frank Aguilar,

Harris County Sheriff's Officers J. Tzaquitzal and Steven Castaneda, and one

Dianne Colar Coleman. (Dkt. 1). At the Court's request, Bellard filed a more

definite statement of his claims. (Dkt. 24). After judicial screening under 28 U.S.C.

---

[1]Bellard's complaint identifies one of the defendants as "Frank Aguillera," who he says is the judge of the 228th District Court in Harris County. (Dkt. 1). The correct name of the judge is "Frank Aguilar." The Court will use the judge's correct name in this Order.

§ 1915A, the Court dismissed Bellard's claims against Judge Aguilar and Coleman with prejudice, stayed Bellard's claims against Tzaquitzal and Castaneda for false arrest and malicious prosecution, and allowed Bellard's excessive force claims against Tzaquitzal and Castaneda to proceed. (Dkt. 25). Tzaquitzal and Castaneda answered the complaint, (Dkts. 29, 31), and filed a joint motion for summary judgment supported by various documents. (Dkt. 34). Bellard has not responded to the motion, and his time to do so has now expired.

Based on the Court's review of the motion, the pleadings, all matters of record, and the law, the Court lifts the stay on the false arrest and malicious prosecution claims, grants the defendants' motion for summary judgment, and dismisses this action with prejudice. The reasons for these rulings are explained below.

## I.   BACKGROUND

Bellard filed his initial complaint when he was in the Harris County Jail awaiting trial on a charge of robbery with bodily injury in Harris County Cause Number 1844071. (Dkt. 1). He later filed a more definite statement of his claims. (Dkt. 24). Neither of these pleadings are a model of clarity.

Publicly available records, together with the summary judgment evidence, show that on November 14, 2023, Coleman called the police to her apartment and reported that Bellard had robbed her and injured her in the process. (Dkt. 34-1, p.

2/15

1). An Officer "J. Tzaquitzal" of the City of Houston Police Department responded to the scene and took a report from Coleman. (*Id.*).

Bellard was not arrested at that time. *See* www.hcdistrictclerk.com (visited Jan. 23, 2025). Instead, Officer Tzaquitzal filed a criminal complaint that initiated Harris County Cause Number 1844071. (Dkt. 34-1, pp. 1-2). City of Houston Peace Officer Steven Castaneda signed the complaint as a witness. (*Id.* at 2). On November 15, 2023, a magistrate found probable cause and issued an arrest warrant for Bellard. (*Id.* at 4). *See also* www.hcdistrictclerk.com (visited Jan. 23, 2025). On January 17, 2024, Bellard was arrested on the warrant when he was again at Coleman's apartment. (Dkt. 34-4, p. 1). The arresting officer was City of Houston Police Officer Rodolfo Trevino. (*Id.*). Neither an Officer Tzaquitzal nor an Officer Castaneda were involved in Bellard's arrest. (*Id.*).

In his § 1983 complaint, Bellard alleges that "J. Tzaquitzal" and "Steven Castaneda" were the officers who arrested him and "roughed him up." (Dkt. 1, p. 3). In his more definite statement, Bellard alleges that the arresting officers were from the Harris County Sheriff's Office. (Dkt. 24, pp. 1-2). Bellard explains that when he was told he was under arrest, he questioned it, telling the officers that his arrest did not make sense and that he needed to call his mother. (*Id.* at 1). While Bellard was on the phone, the two arresting officers grabbed his arms and wrists to

try to handcuff him. (*Id.* at 1-2). In doing so, they twisted his wrists and arms, which prompted Bellard to grab onto a gate. (*Id.*). The officers continued to "rough up" Bellard, ultimately "slamming" him to the ground. (*Id.* at 1). Bellard alleges that the arresting officers continued using force against him even after he stopped resisting and agreed to go with them voluntarily. (*Id.*).

Bellard contends that he suffered injuries to his arms and wrists during the incident, and he alleges that he still takes pain medication for those injuries. (*Id.* at 1-2). He alleges that he also suffered mental health injuries as a result of the arrest. (*Id.* at 2). Bellard asserts that the arresting officers—who he again identifies as Tzaquitzal and Castaneda of the Harris County Sheriff's Office—used excessive force while falsely arresting him, and he contends that their actions constitute malicious prosecution. (*Id.* at 5).

Based solely on the allegations in Bellard's complaint and more definite statement, the complaint was served on Harris County Sheriff's Officers Juan Tzaquitzal and Steven Castaneda. (Dkts. 26, 27, 28). Tzaquitzal and Castaneda answered the complaint, (Dkts. 29, 31), and then filed a joint motion for summary judgment. (Dkt. 34). They each deny that they have ever been employed by the City of Houston Police Department; they deny that they filed the complaint against Bellard in November 2023; and they deny that they arrested him in January 2024.

4/15

(*Id.* at 8).  They attach authenticated documents to their motion showing that the criminal complaint was filed by an Officer Julio Tzaquitzal of the City of Houston Police Department and that Bellard was arrested by an officer from the City of Houston Police Department rather than any officer from the Harris County Sheriff's Office.  (Dkts. 34-1, 34-4).  In addition, Tzaquitzal and Castaneda have filed affidavits stating that they have never worked for the City of Houston Police Department and that they did not arrest Bellard in January 2024.  (Dkts. 34-2, 34-3).  They ask the Court to dismiss all of Bellard's claims against them with prejudice.  (Dkt. 34, p. 10).  Bellard has not responded to the motion for summary judgment, and his time to do so has now expired.

Publicly available records show that Bellard pleaded guilty in Harris County Cause Number 1844071 to the lesser charge of assault on a family member on July 2, 2024.  *See* www.hcdistrictclerk.com (visited Jan. 23, 2025).  He was sentenced to 180 days' confinement with credit for 168 days already served.  *Id.*  He is no longer confined in the Harris County Jail.  *See* Find Someone in Jail, www.harriscountyso.org (visited Jan. 23, 2024).

## II.   LEGAL STANDARDS

### A.   Actions Under 42 U.S.C. § 1983

Bellard sues Tzaquitzal and Castaneda under 42 U.S.C. § 1983.  "Section

1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam).  The dispute in this case focuses on the first element:  whether either Tzaquitzal or Castaneda violated Bellard's constitutional rights.

### B.    The Summary-Judgment Standard

Tzaquitzal and Castaneda have filed a motion for summary judgment. "Summary judgment is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton,* 572 U.S. 650, 656-57 (2014) (per curiam) (quoting FED. R. CIV. P. 56(a)).  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.,* 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-25 (1986)).  "A fact is material if its resolution

6/15

could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 134 (5th Cir. 2010)). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (per curiam) (cleaned up).

When considering a motion for summary judgment, the Court must view all evidence and draw all inferences "in the light most favorable to the [nonmoving] party." *Tolan*, 572 U.S. at 657 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)); *see also Dyer*, 964 F.3d at 380. When both parties have submitted evidence that tends to show conflicting facts, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Willis v. Roche Biomedical Labs., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995). However, if record evidence clearly contradicts a party's version of events, the Court "should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Waddleton v. Rodriguez*, 750 F. App'x 248, 253-54 (5th Cir. 2018) (per curiam) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007). Further, the Court will not consider the nonmoving party's conclusory allegations and unsubstantiated assertions as evidence. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). After viewing the offered evidence in the light most favorable to

7/15

the nonmoving party, summary judgment may be granted only if no genuine disputes

of fact exist and no reasonable jury could return a verdict for the nonmoving party.

*See, e.g., Rubinstein v. Adm'rs of the Tulane Educ. Fund,* 218 F.3d 392, 399 (5th

Cir. 2000).

### C.    *Pro Se* Pleadings

Because Bellard is proceeding *pro se*, the Court construes his filings liberally,

subjecting them to "less stringent standards than formal pleadings drafted by

lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  But even

under this lenient standard, *pro se* litigants must still "abide by the rules that govern

the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

"*Pro se* litigants must properly plead sufficient facts that, when liberally construed,

state a plausible claim to relief, serve defendants, obey discovery orders, present

summary judgment evidence, file a notice of appeal, and brief arguments on appeal."

*Id.* (footnotes omitted).

## III.   DISCUSSION

### A.    Bellard's Excessive Force Claims

Bellard alleges that Tzaquitzal and Castaneda violated his constitutional rights

by using excessive force against him during his arrest in January 2024.  Tzaquitzal

and Castaneda contend that the undisputed summary judgment evidence shows that

they were not the arresting officers in January 2024, were not present when Bellard was arrested, and had nothing to do with his arrest or any excessive force that may have been used.

To be entitled to relief under § 1983, the plaintiff must prove that the defendant was personally involved in the alleged violation of the plaintiff's constitutional rights. "Because [§] 1983 imposes liability only upon those who actually cause a deprivation of rights, personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Blyden v. Mancusi,* 186 F.3d 252, 264 (2d Cir. 1999) (cleaned up); *see also Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action." (citing *Rizzo v. Goode,* 423 U.S. 362, 371-72 (1976))).

The undisputed summary judgment evidence shows that City of Houston Police Officer Julio Tzaquitzal responded to Coleman's November 14 call about the robbery with injuries. He prepared the criminal complaint, which was witnessed by City of Houston Peace Officer Steven Castaneda and which was used to initiate Harris County Cause Number 1844071. The undisputed summary judgment evidence also shows that City of Houston Police Officer Rodolfo Trevino is the officer who arrested Bellard. Neither Harris County Sheriff's Officer Juan

Tzaquitzal nor Harris County Peace Officer Steven Castaneda were involved in any violation of Bellard's civil rights that may have occurred.

Once Tzaquitzal and Castaneda presented evidence demonstrating that they were not personally involved in the alleged violation of Bellard's constitutional rights, the burden shifted to Bellard to show that disputed issues of fact exist that are material to Tzaquitzal and Castaneda's personal involvement. Bellard has not met this burden. Therefore, the motion for summary judgment filed by Tzaquitzal and Castaneda is granted, and Bellard's excessive force claims against them are dismissed with prejudice.

**B.    <u>Bellard's False Arrest and Malicious Prosecution Claims</u>**

Bellard's initial complaint included claims against Tzaquitzal and Castaneda for false arrest and malicious prosecution. The Court stayed these claims, but Tzaquitzal and Castaneda ask the Court to grant summary judgment in their favor despite the stay.

Because Bellard's complaint was filed while the state-court criminal action against him was still pending, the Court stayed the false arrest and malicious prosecution claims under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* bars a civil-rights action challenging the legitimacy of the plaintiff's arrest and subsequent detention on criminal charges if a judgment in favor of the plaintiff in

the civil action would necessarily imply the invalidity of the charges and potential conviction in the criminal action. In that situation, the civil action is stayed until the plaintiff can prove that the criminal charges have been dismissed or otherwise resolved in his favor. *Id.* at 487; *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (per curiam) (when a plaintiff files a civil-rights action while a related criminal prosecution is pending, a stay pending the disposition of the criminal prosecution may be appropriate, but dismissal is not).

Tzaquitzal and Castaneda ask the Court to grant summary judgment in their favor on Bellard's false arrest and malicious prosecution claims as well as the excessive force claims. Publicly available records show that the criminal proceedings against Bellard have now been resolved. *See* www.hcdistrictclerk.com (visited Jan. 23, 2024). Bellard pleaded guilty to a lesser offense, he was sentenced to county jail time, he has served that time, and he has been released. *Id.* There is no indication that he has filed an appeal.

Under *Heck*, "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed absent some other bar to suit." *Wallace*, 549 U.S. at 394 (citations omitted). Because Bellard has been convicted and because the false arrest

11/15

and malicious prosecution claims would impugn that conviction, *Heck* requires the Court to lift the stay and dismiss the claims.

Normally, a dismissal under *Heck* would be without prejudice. *See Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam); *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc). But as explained in connection with Bellard's claim for excessive force, the undisputed summary judgment evidence shows that neither Tzaquitzal nor Castaneda were personally involved in any alleged violation of Bellard's constitutional rights. Therefore, they are entitled to summary judgment in their favor on his claims for false arrest and malicious prosecution. The motion for summary judgment is granted, and Bellard's false arrest and malicious prosecution claims are dismissed with prejudice.

## C.   **Qualified Immunity**

In the alternative, Tzaquitzal and Castaneda move for summary judgment based on qualified immunity. "Qualified immunity protects officers from suit unless their conduct violates a clearly established right." *Austin v. City of Pasadena, Tex.*, 74 F.4th 312, 322 (5th Cir. 2023) (quoting *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003)); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). When the defendant raises the defense of qualified immunity, the burden shifts to the plaintiff to show that the defendants are not entitled to that immunity. *See Thompson*

*v. Upshur County, Tex.*, 245 F.3d 447, 456 (5th Cir. 2001). And "[a] plaintiff seeking to overcome qualified immunity 'must specifically identify each defendant's personal involvement in the alleged wrongdoing.'" *Jimerson v. Lewis*, 94 F.4th 423, 428 (5th Cir. 2024) (quoting *Thomas v. Humfield*, 32 F.3d 566, 1994 WL 442484, at \*5 (5th Cir. Aug. 2, 1994)).

As explained above, the undisputed summary judgment evidence conclusively shows that neither Tzaquitzal nor Castaneda were personally involved in any of the alleged wrongdoing. Bellard has not met his burden to show that either was personally involved in the alleged constitutional violations. Tzaquitzal and Castaneda are therefore entitled to qualified immunity, and Bellard's action against them is dismissed with prejudice.

### D. Request for Attorney's Fees

Finally, Tzaquitzal and Castaneda request that the Court sanction Bellard for filing a frivolous complaint against them by awarding them attorney's fees. (Dkt. 34, pp. 9-10). They appear to seek these fees as a sanction under Federal Rule of Civil Procedure 11. (*Id.*). This request is denied because it is procedurally improper.

Rule 11(c)(2) requires that any motion for sanctions under Rule 11 "be made separately from any other motion." FED. R. CIV. P. 11(c)(2). Courts will not entertain a request for Rule 11 sanctions that is improperly included in another

motion or pleading. *See, e.g., Berry v. ADT Security Servs., Inc.,* Civil No. 4:19-024, 2019 WL 3562150, at \*2 (S.D. Tex. Aug. 6, 2019); *Diggs v. Citigroup, Inc.,* No. 3:12-cv-1612-L, 2013 WL 124110, at \*3 (N.D. Tex. Jan. 8, 2013); *Estate of Keys v. Union Planters Bank, N.A.*, 578 F. Supp. 2d 629, 638 (S.D.N.Y. 2008) ("Because the request for [Rule 11] sanctions was improperly included in plaintiff's cross-motion for summary judgment, this Court cannot entertain it.").

In addition, Rule 11 requires the party moving for sanctions to serve their motion seeking such sanctions on the opposing party at least 21 days before filing the motion with the Court. *See* Fed. R. Civ. P. 11(c)(2). This 21-day period operates as a safe harbor, allowing the opposing party time to either correct the deficiency or withdraw the claim. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). A Rule 11 motion is properly denied if the moving party fails to comply with this statutory safe-harbor provision. *See Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000) ("Compliance with the service requirement is a mandatory prerequisite to an award of sanctions under Rule 11.").

Here, Tzaquitzal and Castaneda have not filed a separate motion for sanctions but instead have improperly included their request for Rule 11 sanctions in their motion for summary judgment. In addition, they do not allege, much less offer evidence to show, that they served a separate motion for Rule 11 sanctions on Bellard

14/15

at least 21 days before filing the motion with the Court, as required by Rule 11(c)(2). For both reasons, Tzaquitzal and Castaneda's request for attorney's fees under Rule 11, included in their motion for summary judgment, is denied. To the extent that Tzaquitzal and Castaneda are inviting the Court to exercise its discretion to impose sanctions under Rule 11(c)(3), the Court declines the invitation.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The stay previously imposed on Bellard's claims for false arrest and malicious prosecution is **LIFTED**.

2. The Motion for Summary Judgment filed by defendants Juan Tzaquitzal and Steven Castaneda, (Dkt. 34), is **GRANTED**.

3. Bellard's civil-rights action is **DISMISSED with prejudice**.

4. The defendants' request for an award of attorney's fees is **DENIED**.

5. Final judgment will be separately entered.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, on _____ Jan 27 _____, 2025.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE

15/15